FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>LORENZO ELIAS MENDEZ,<br><br>            Defendant. | No.     1:18-CR-02037-SAB-1<br><br>**ORDER DENYING § 2255 MOTION** |

Before the Court are Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 373. Defendant is representing himself in this matter. The United States is represented by David Herzog.

In 2019, Defendant was convicted by a jury of Attempted Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (c). He was sentenced on January 7, 2020, to 240 months imprisonment and 20 years supervised release. Restitution was determined at a later hearing and was set at $9,757.83. Defendant appealed his conviction and sentence, and they were affirmed by the Ninth Circuit Court of Appeals.

### Background

The following background facts are taken from the Ninth Circuit's opinion, *United States v. Mendez*, 35 F.4th 1219 (9th Cir. 2022).

> While living with his girlfriend and her fourteen-year-old daughter, Mendez hid cameras in the eye of a stuffed animal, then placed the stuffed animal in the girl's bedroom. Video footage recovered by police officers spanned six months in 2018 and showed the girl in various states of undress. Several videos showed her masturbating. The victim testified that when she realized that the stuffed animal had

**ORDER DENYING § 2255 MOTION ~ 1**

a camera in it, she threw it into the backyard because it made her feel "disgusted." While searching Mendez's home and car, police found several Wi-Fi enabled cameras, "wiggle eyes" similar to those in the stuffed animal, batteries for the cameras, and instructions for connecting the cameras to a Wi-Fi network. *Id.* at 1220.

## Motion Standard

Under § 2255, a prisoner in custody for a federal sentence may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Braswell*, 501 F.3d 1147, 1149 n.1 (9th Cir. 2007). However, claims of ineffective assistance of counsel may be brought in a collateral proceeding under § 2255, whether or not the petition could have raised the claim on direct appeal. *Massaro*, 538 U.S. at 505.

Moreover, claims or arguments previously raised on direct appeal are not cognizable in a § 2255 motion..

To warrant the granting of relief, the movant must demonstrate the existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Such relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

A district court must grant a hearing to determine the validity of a petition brought under § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th

**ORDER DENYING § 2255 MOTION ~ 2**

Cir. 1994) (citing 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id.* Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

### Ninth Circuit Opinion

In addressing Defendant's direct appeal, the Ninth Circuit Court of Appeals issued a published opinion, *United States v. Mendez*, 35 F.4th 1219 (9th Cir. 2022), and an unpublished opinion, *United States v. Mendez*, No. 20-30007, 2022 WL 2045643 (9th Cir. June 7, 2022). In his appeal, Defendant asserted the following claims: (1) the Court erred by not *sua sponte* dismissing Juror No. 8; (2) the evidence at trial was insufficient to prove the "use" element of the crime; (3) the evidence at trial was insufficient to prove the interstate nexus requirement of § 2251(a); (4) a jury instruction amounted to a constructive amendment to the Indictment; (5) the Court erred when it applied USSG § 4B1.5; (6) the Court erred when it applied USSG § 2G2.1(b)(6); and (6) the Court imposed a substantively unreasonable sentence.

In the published opinion, the Ninth Circuit ruled Defendant "used" a minor victim to engage in sexually explicit conduct, as required to support conviction for attempting to use a minor to engage in sexually explicit conduct for purpose of producing a visual depiction of that conduct, under 18 U.S.C. § 2251(a). *Mendez*, 35 F.4th at 1223. Specifically, the Circuit held that Defendant "used" a minor victim to engage in sexually explicit conduct by taking videos of her in her bedroom through use of hidden cameras, without her knowledge or participation. It noted that the statute did not require Defendant to cause the minor to engage in sexually explicit conduct, but only required that the minor be the subject of a visual depiction by intentionally photography the minor engaging in sexually

**ORDER DENYING § 2255 MOTION ~ 3**

explicit conduct. *Id.* at 1222. The active conduct that was required was that of the perpetrator, not the target of the visual depiction. *Id.* at 1221. The Circuit concluded that the evidence was sufficient under § 2251(a) and (e) to support Defendant's conviction for attempting to "use" a minor "to engage in . . . sexually explicit conduct" for the purpose of producing a visual depiction of that conduct. *Id.* at 1223.

> In the unpublished opinion, the Ninth Circuit held:
>
> The district court did not err by failing to sua sponte excuse Juror No. 8, who worked as a pediatric nurse. Mendez's counsel did not challenge the juror for cause, so we review the juror bias claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 62 F.3d 1180, 1187–88, 1192 (9th Cir. 1995). Mendez has not shown that "the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the juror], even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Although the juror initially expressed some discomfort with the facts of the case, she ultimately "commit[ted] to lay aside those feelings and reach a verdict based on the evidence presented and the court's instructions." *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220 (9th Cir. 1997). The court had no obligation to strike the juror sua sponte.
>
> The change in language between the indictment and jury instructions did not amount to an unconstitutional "constructive amendment." Mendez did not raise his constructive amendment claim in the district court, so we review for plain error. *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014). Because Mendez was indicted for an attempt crime, the government did not need to show that the videos were "mailed or actually transported," so the variation in jury instructions omitting that requirement "does not alter the behavior for which the defendant can be convicted." *United States v. Garcia-Paz*, 282 F.3d 1212, 1216 (9th Cir. 2002).
>
> The district court did not err by applying a five-level sentencing enhancement, finding that "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). We review de novo the district court's interpretation of the sentencing guidelines, and the underlying factual findings are reviewed for clear error. *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003). Mendez used wireless Wi-Fi cameras with as little as 45 minutes of battery life, which required him to change the cameras and their batteries often. And agents discovered "several different cameras" that looked

**ORDER DENYING § 2255 MOTION ~ 4**

> like they had been positioned in the eye of the stuffed animal. The repeated acts of replacing the cameras and their batteries to capture new footage suffices to show the "pattern of activity involving prohibited sexual conduct" required for a sentencing enhancement under U.S.S.G. § 4B1.5.
>
> Nor did the district court err in applying a two-level enhancement under U.S.S.G. § 2G2.1(b)(5), which applies "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant...." Even if Mendez was no longer in a relationship with the victim's mother, the victim lived in Mendez's home in a family-like structure with her mother, siblings, and Mendez's children. Mendez was a father-like figure who exercised the functions and responsibilities of a parent or guardian.
> The district court did not commit procedural error in imposing a sentence of 240 months, and the sentence was not substantively unreasonable. The record reflects that the court considered Mendez's argument that the court should exercise its discretion to depart from the sentencing guidelines, consistent with *Kimbrough v. United States*, 552 U.S. 85 (2007). The district court expressly considered each of the factors under 18 U.S.C. § 3553(a) and imposed a below-Guidelines sentence. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011). Reviewing the record, we are not left with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010).

*Mendez*, 2022 WL 2045643, at *1-2.

Defendant also appealed this Court's order granting the United States' motion for entry of a final order of forfeiture. In affirming, the Ninth Circuit stated:

> The preliminary order of forfeiture became final as to Mendez when he was sentenced and did not appeal the order. *See* Fed. R. Crim. P. 32.2(b)(4)(A); *United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998). Accordingly, Mendez lacked standing to challenge the final order of forfeiture, which determined ownership of the forfeited property only as between the government and any third parties. *See* Fed. R. Crim. P 32.2(c) (explaining process for entry of a final order of forfeiture after adjudication of any third-party rights in the property); *United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004) (stating that standing in a forfeiture action depends on whether the claimant has an interest in the property). As a result, the district court properly determined that it lacked jurisdiction to consider Mendez's objections. *See Bennett*, 147 F.3d at 914 (holding that the district court lacked jurisdiction to

**ORDER DENYING § 2255 MOTION ~ 5**

consider defendant's objections to the final order of forfeiture because the preliminary order of forfeiture, which the defendant did not appeal, was final as to the defendant).

*United States v. Mendez*, 2024 WL 8654996, at *1 (Feb. 29, 2024).

### Defendant's Claims

Defendant is presenting the following grounds for relief:

(1) **Ground One** - Actual Innocence

Defendant argues that because no reasonable, properly instructed juror could have found that he attempted to violation 18 U.S.C. § 2251(a), his sentence was imposed in violation of the Constitution and laws of the United States.

(2) **Ground Two** – Sufficiency of Evidence to Prove Purpose and Jurisdictional Nexus

Defendant argues the United States failed to present sufficient evidence to prove a necessary element of the statute, purpose, and jurisdictional nexus.

(3) **Ground Three** - Ineffective Assistance of Trial Counsel

Defendant argues his trial counsel rendered ineffective assistance of counsel for the following reasons:

(a) failing to investigate the factual defense of "use' of a minor to "engage in" and "sexually explicit conduct," failing to discuss the defense with Defendant, and failed to research Ninth Circuit case law and when he told the jury that whether the images violated the law was up to the jury to decide.

(b) failing to move to suppress exhibits based on false testimony, misleading statements and because they were obtained without a search warrant.

(c) failing to challenge Biased Juror No. 8 for cause.

(d) failing to investigate impeaching evidence regarding a shirt and battery located inside the stuffed animal.

(e) failing to impeach the United States' key witness, Sasha Miller;

(f) failing to question any witness regarding the Video Trial Exhibit No. 79.

**ORDER DENYING § 2255 MOTION ~ 6**

    (g) failing to uncover witness perjury and impeach Frances Hernandez's testimony.

    (h) failing to properly prepare and present Defendant's theory of the case, which was that Frances was seeking revenge for Defendant's infidelity and fabricated evidence to gain possession of his home and over $30,000 in his bank account, all while having moved to a different residence.

    (i) failing to object to constructive amendment of the Indictment.

    (j) failing to notify the Court of a stroke that counsel had while working out at his gym, which occurred just days prior to the trial.

    (k) failing to file a motion for acquittal.

    (l) failing to object to the United States' misstatement of the law and misstatement of the evidence.

    (m) failing to follow-up on E.H's having moved out of the Moxee home, prior to November 12, 2017.

    (n) accumulative error.

(4) **Ground Four** – Prosecutorial Misconduct

    (a) prosecutor suborned knowingly false testimony from its star witness.

    (b) prosecutor deluded the jury in closing arguments by misstating the law and the evidence.

    (c) improperly vouching to the evidence.

    (d) presenting a shifted and new theory of prosecution on direct appeal, utilizing knowingly false testimony, falsifying evidence and introducing a materially false record.

(5) **Ground Five** – Ineffective Assistance of Appellate Counsel

    (a) mishandled the challenge to the sufficiency of the evidence claim.

    (b) deliberate misrepresentation to Appeals Court by misstating the evidence and record and failing to correct the record regarding Trial Exhibit No. 79 and 82.

    (c) failing to judicially estop the United States from introducing a new shifted

**ORDER DENYING § 2255 MOTION ~ 7**

theory of prosecution on direct appeal.

 (d) failing to notify the Ninth Circuit of evidence that E.H. moved out of the hoe prior to November 12, 2017, which related to the two-level upward adjustment under USSG 2G2.1(b)(5).

 (e) accumulative errors.

### United States' Response

The United States agrees that Defendant's motion is timely but asserts all of Defendant's claims lack merit. Specifically, the United States argues:

 1. Defendant's actual innocence and sufficiency of the evidence challenges are foreclosed because they have already been raised and rejected.

 2. Defendant's prosecutorial misconduct claims are procedurally defaulted and are substantively meritless.

 3. Defendant's counsel was not constitutionally ineffective because Defendant has not shown that his trial counsel's performance was deficient and prejudicial and has not shown that his appellate counsel's performance was deficient and prejudicial.

 4. Defendant's Rule 41(g) motion is meritless because Rule 41(g) does not apply to property forfeited in a criminal proceeding. Moreover, because the forfeiture order is final and all available routes to challenge the forfeiture have been exhausted, Defendant's Rule 41(g) motion for return of forfeited property is meritless and should be denied.

 5. Defendant is not entitled to an evidentiary hearing because he has not made any specific factual allegations that demonstrate he is entitled to relief.

### Analysis

**1.  Claims One and Two**

Defendant's claims of actual innocence (Claim One) and sufficiency of the evidence (Claim Two) are not cognizable in a § 2255 motion because they were presented and argued before the Ninth Circuit and rejected. *See Davis v. United States*, 417 U.S. 333, 342 (1974). As such, the Court dismisses Claims One and Two.

//

**ORDER DENYING § 2255 MOTION ~ 8**

### 2. Claim Four

Defendant's claim of prosecutorial misconduct is not cognizable because he did not raise this in his appeal, and he has not demonstrated cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Moreover, the record does not support any finding of prosecutorial misconduct. As such, the Court dismisses Claim Four.

### 3. Claim Three and Five

Defendant alleges that both his trial counsel and appellate counsel were ineffective.

#### A. *Strickland v. Washington*

*Strickland v. Washington* sets out the standard for reviewing ineffective assistance of counsel claims. 446 U.S. 668 (1984). Under *Strickland*, a defendant must prove: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Id.* at 688, 694.

Under *Strickland's* first prong, counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *Id*. at 688. A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (quotation omitted). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quotation omitted). To satisfy *Strickland,* counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Strickland*, 466 U.S. at 691). *Strickland* instructs that:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on

**ORDER DENYING § 2255 MOTION ~ 9**

investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

... And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable.

*Strickland*, 466 U.S. at 690-91.

Under the second *Strickland* prong, prejudice is established when there is "a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Proving that a deficient performance caused prejudice requires more than showing that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S. at 693. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

A defendant's mere conclusory allegations that counsel failed to provide effective assistance do not satisfy the highly demanding standard of deficient performance and resulting prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 381-82, (1986). Because a convicted defendant must satisfy both prongs of the *Strickland* test, their failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *See Strickland,* 466 U.S. at 699-700.

### B. Analysis

#### i. Trial Counsel

Defendant has not shown that his trial counsel's performance fell below an objective standard of reasonableness. Moreover, he cannot show prejudice.

1. The failure to argue that the thumbnail images found on his camera did not depict sexually explicit conduct does not demonstrate ineffective assistance of counsel, given that

**ORDER DENYING § 2255 MOTION** ~ 10

the Ninth Circuit concluded that setting up a hidden bedroom camera is sufficient to establish attempted production of child pornography.

    2.   The evidence establishes that search warrants were obtained to search the phone. It would have been frivolous to argue otherwise.

    3.   Defense counsel's decision not to move to strike a juror who indicated she could be impartial was not deficient performance, but a strategy decision appropriately within the purview of competent counsel.

    4.   Counsel demonstrated he was well-informed regarding the evidence and various reports when he cross-examined Sasha Miller, and any additional evidence would have, at best, been marginally relevant.

    5.   Counsel aggressively cross-examined Ms. Miller but there were no inconsistent statements about the construction of the teddy bear to impeach.

    6.   Counsel thoroughly and adequately presented Defendant's theory of the case, that is, Frances Hernandez framed him.

    7.   Defendant has not shown that a reasonable attorney would have submitted motions for dismissal of the Indictment or move for acquittal, nor established that the failure of his trial counsel to do so was unreasonable. The Ninth Circuit soundly rejected these arguments. Defendant cannot show that filing these motions would have created a substantial likelihood of success.

    8.   Even if counsel experienced a medical event prior to trial, the record does not demonstrate that he provided deficient representation at trial. Rather, the record demonstrates that counsel aggressively advocated for Defendant before, during, and after trial, engaging in robust pretrial motions practice, aggressively questioning potential jurors, thoroughly cross-examining government witnesses and making a compelling closing argument.

    9.   The records does not demonstrate that counsel for the United States made misstatements of law in its closing arguments. Therefore, there would be no reason to object.

**ORDER DENYING § 2255 MOTION** ~ 11

10. Defendant has failed to make any showing that his Sixth Amendment rights were violated by his trial counsel's performance.

Here, Defendant testified at trial. He denied purchasing cameras that were paid for by his credit card and sent to his address and denied placing the camera in the teddy bear and bedroom. He explained to the jury that the reason he had the cameras was to install them in his Yakama Nation Tribal Police vehicle and to wear them while he was working as a Yakama Nation Tribal officer. Moreover, he insinuated that someone else downloaded the videos onto his phone and suggested that Frances Hernandez and her daughter, Eva, colluded to falsely accuse him of putting the camera in Eva's bedroom so they could take his house, property, and money. The problem, however, is that the jury did not believe him. Rather, the United States presented sufficient evidence to show that it was Defendant who put the camera in the teddy bear and then strategically placed the bear in Eva's bedroom. And this is sufficient, according to the Ninth Circuit, to convict under 18 U.S.C. § 2551(a). Thus, even if defense counsel has done all the things that Defendant alleged, he was deficient for not doing, the outcome would have been the same. Defendant cannot show he was prejudiced by any perceived shortcomings in his trial counsel's representation.

### ii. Appellate Counsel

Defendant has not shown that his appellate counsel's performance fell below an objective standard of reasonableness. Moreover, he cannot show prejudice.

1. Counsel was not ineffective for failing to address any perceived mischaracterization of the video because Defendant was charged with attempted production of child pornography, so the characterization of the video would not affect the outcome of the trial.

2. Counsel was not ineffective for failing to raise frivolous arguments.

Defendant has not shown that but for any alleged errors, the outcome of the appeal would have been different.

//

**ORDER DENYING § 2255 MOTION** ~ 12

#### 4. Return of Property (1)

Because the forfeiture order is final and all available routes to challenge the forfeiture have been exhausted, Defendant's Rule 41(g) motion for return of forfeited property is meritless.

#### 5. Certificate of Appealability

The Court declines to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c). Moreover, reasonable jurists would not find this Court's assessment of the constitutional claims debatable or wrong. *See Slack v. Daniels*, 529 U.S. 473, 484 (2000).

#### 6. Return of Property (2)

Defendant filed a second Motion for Return of Property Under Rule 41(g). He asserts the United States may be in possession of additional property recovered from his residence that are outside the scope of his previous Rule 41(g) motion. The United States is directed to respond to this motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING § 2255 MOTION** ~ 13

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 373, is **DENIED**.
2. Defendant's Motion to Renew 41(g) Motion and Motion to Supplement the Record for Dkt. Entry 359, ECF No. 371, is **DENIED**.
3. Defendant's Motion for Leave to Amend, ECF No. 382, is **DENIED**, as moot.
4. Defendant's Motion for Leave to Exceed Page Limit for 2255 Reply, ECF No. 385, is **GRANTED**.
5. Defendant's Motion to Compel, ECF No. 386, is **DENIED**.
6. **Within thirty (30) days from the date of this Order**, the United States is directed to file a response to Defendant's Second Motion for Return of Property Under Rule 41(g), ECF No. 387.
7. The Clerk of Court is directed to enter judgment in favor of the United States and against Defendant.

**IT IS HEREBY ORDERED**. The District Court Executive is directed to file this Order and provide copies to Defendant and counsel.

**DATED** this 9th day of July 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING § 2255 MOTION** ~ 14